```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

CHANTELL BROOKS,                )
                                )
            Plaintiff,          )
                                )
      v.                        )     No. 13 C 5871
                                )
CITY OF CHICAGO, et al.,        )
                                )
            Defendants.         )

## MEMORANDUM ORDER

It is frankly difficult to receive and review pleadings generated by the City of Chicago's Corporation's Counsel's office in defending 42 U.S.C. §1983 ("§1983") lawsuits without getting the impression that an in-house continuing legal education program is needed--something that would benefit everyone in the system (judges, plaintiffs and their counsel and, indeed, even the City and its own personnel). And that sense was rendered even more poignant by this Court's receipt on July 27 of not only (1) an Amended Answer in <u>Lake v. City of Chicago</u>, 13 C 3176, that had to correct some problematic aspects of the original Answer to which this Court had drawn attention by a sua sponte memorandum order but also (2) a troublesome response by the City and its officer Kevin Paruszkiewicz ("Paruszkiewicz") to the First Amended Complaint ("FAC") brought against them by Chantell Brooks as the Special Administrator of the Estate of Michael Westley, Deceased.

Paruszkiewicz is charged in the FAC with the fatal shooting of 15-year old Michael Westley. In response Paruszkiewicz has admitted the shooting but contends that it was not wrongful (a legitimate defense, of course), so that he argues that the FAC does not state a viable claim.

But look at some of the other assertions that Paruszkiewicz's counsel offers up on his behalf:

> 9. Michael died as a result of the gunshot wounds inflicted upon him by Officer Paruszkiewicz.
>
> **Answer**:
>
> On information and belief, Defendants admit that decedent died as a result of officer Paruszkiewicz shooting decedent. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.
>
> 10. Michael endured pain and suffering in his dying moments as a result of the injuries caused by the shooting.
>
> **Answer**:
>
> Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

Counsel's invocation of the Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer in Answer ¶9 makes no sense at all in light of the admission set out in the first sentence of that Answer paragraph. Indeed, it is difficult to see how that Rule 8(b)(5) disclaimer response and the like response in Answer ¶10 can be advanced in

the subjective and objective good faith that is required of every litigant and lawyer by Rule 11(b).

And there is more. For example, FAC ¶16 calls for a simple admission without the gratuitous addition of the denials (which respond to nothing said in FAC ¶16) that counsel has added to the Answer. And next, Answer ¶17 again attempts to call the Rule 8(b)(5) disclaimer into play when a straightforward admission is plainly required--an admission that would not at all give up Paruszkiewicz's contention that what he did was not wrongful. And that is true of Answer ¶¶19 and 21 as well.

Thereafter defense counsel's tactics shift to another obfuscatory pattern. FAC Count V (which asserts an indemnification claim against the City) and FAC Count VI (which advances a respondeat superior contention against the City) set out simple and straightforward allegations as to the provisions of Illinois law in FAC ¶¶23 and 26, but the corresponding answers impermissibly muddy the waters by going on at length with irrelevancies that add nothing to the dialog.

Finally, the so called affirmative defenses ("ADs") with which defense counsel concludes the responsive pleading reflect a major misunderstanding of the AD concept implicit in Rule 8(c) and confirmed in the case law (see also App'x ¶5 to State Farm Mut. Auto Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001): the acceptance of a complaint's allegations (together

3

with reasonable inferences) as gospel, while at the same time stating some predicate for defendant's non-liability (or perhaps for lesser liability, as in the case of contributory negligence not negated by the plaintiff's allegations). Here are the deficiencies in the purported ADs advanced by defendants:

    1. AD 1 is wholly at odds with FAC ¶8 (which is incorporated by reference into all counts of the FAC) and with Count I ¶12. Accordingly AD 1 is stricken.

    2. AD 2 likewise flouts the allegations of FAC ¶8, and it too is stricken.

    3. AD 3 is a mystery, for there is no suggestion that Officer Paruszkiewicz is sought to be held liable for anyone else's acts or omissions. It is also stricken.

    4. AD 4 may be somewhat tautological, but it fails to recognize that Paruszkiewicz *is* liable when the FAC allegations are taken as true. Hence AD 4 is stricken as well.

To return to the point of beginning, if a lawyer for a private party had filed the pleading discussed here, both counsel and his client would be candidates for a Rule 11(b) sanction. Surely we should not expect a lesser work product from counsel for a governmental law office. If this were an isolated incident, this opinion would read far differently--but that is regrettably not the case. This Court is transmitting a copy of

this opinion to the Corporation Counsel, in the hope that some in-house training in the fundamentals of federal pleading may be initiated.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 3, 2013